**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DIANE MAGGI,

               Plaintiff - Appellant,

  And

EUGENE MAGGI, Jr.,

               Plaintiff,

  v.

CREATIVE HEALTH CARE SERVICES, INC., DBA Sunrise Health and Hospice,

               Defendant - Appellee.

No. 13-15479

D.C. No. 2:12-cv-00566-NVW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted May 15, 2015
San Francisco, California

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: PAEZ and CLIFTON, Circuit Judges and DUFFY,[**] District Judge.

Plaintiff Diane Maggi appeals the district court's grant of summary judgment in favor of Defendant Creative Health Care Services, Inc. as to Maggi's Title VII hostile work environment and retaliation claims. We affirm in part, reverse in part, and remand to the district court for further proceedings.

We affirm the district court's grant of summary judgment as to Maggi's retaliation claim. Maggi failed to present evidence raising a genuine issue of material fact as to whether Creative Health Care was the but for cause of Shirif's state court defamation lawsuit against Maggi. Shirif filed the lawsuit in his personal capacity, and Maggi's evidence does not create a triable issue of fact as to whether Creative Health Care was the moving force behind Shirif's defamation state court action. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2525 (2013) (holding that a plaintiff must prove that "the harm would not have occurred in the absence of – that is, but for – the defendant's conduct" (internal quotation marks omitted)).

We reverse the district court's grant of summary judgment as to Maggi's hostile work environment claim. The district court concluded that summary

[**] The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

2

judgment was warranted regardless of whether Maggi advanced a vicarious liability or negligence theory.

We first note that Maggi's evidence of Shirif's statements and physical touching are sufficient to raise a genuine issue of material fact as to whether or not Shirif's conduct created a hostile work environment. *See Ellison v. Brady*, 924 F.2d 872, 879-81 (9th Cir. 1991); *Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1108 (9th Cir. 1998).

Regarding the vicarious liability theory, assuming without deciding that Shirif was Maggi's supervisor,[1] Maggi raised genuine issues of material fact as to Creative Health Care's affirmative defense under *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998), and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998). A reasonable jury could find that Creative Health Care did not exercise "reasonable care to prevent and correct promptly any sexually harassing behavior." *Burlington*, 524 U.S. at 765. There are disputed issues of material fact regarding the existence of Shirif's alleged sexual harassment of other former employees and whether or not Creative Health Care properly addressed those harassment

---

[1] Because the district court assumed that Shirif was Maggi's supervisor and the parties have not fully briefed this issue on appeal, we leave open the issue of whether or not Shirif was in fact Maggi's supervisor to be resolved by further proceedings upon remand.

3

complaints. There are also disputed issues of material fact as to whether or not Maggi "unreasonably" failed to complain or take advantage of Creative Health Care's offers to correct the situation. *Id*. For instance, there are disputes over the nature of Creative Health Care's offer, or offers, to transfer Maggi to the home office, including whether or not the offer "adequately addressed the problem of harassment." *Dawson v. Entek Int'l*, 630 F.3d 928, 940 (9th Cir. 2011).

We are not convinced by Maggi's argument that Creative Health Care is precluded from asserting an affirmative defense under *Ellerth* and *Faragher* on the basis that Maggi was constructively discharged. There is no evidence that Shirif was responsible for the alleged official acts of attempting to transfer Maggi to the home office or the letter stating her employment would be terminated if she did not return to work. *See Pa. State Police v. Suders*, 542 U.S. 129, 148 (2004) (employer may assert *Ellerth/Faragher* defense if harassing supervisor did not perform an official act to effect discharge). Further, constructive discharge without an underlying official act does not itself constitute an official act that would preclude the affirmative defense. *Id.* at 148.

Regarding the negligence theory, Maggi raised genuine issues of material fact as to whether or not Creative Health Care knew or should have known of Shirif's alleged harassment. *See Swinton v. Potomac Corp.*, 270 F.3d 794, 803

4

(9th Cir. 2001). Additionally, for the same reasons explained in the vicarious liability discussion, Maggi raised genuine issues of material fact as to whether or not Creative Health Care's remedial measures were "reasonably calculated to end the harassment." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1119-20 (9th Cir. 2004).

Each party to bear its own costs.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED**.